Filed 6/3/24  P. v. Bower CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DOUGLAS WES BOWER,<br><br>    Defendant and Appellant. | C098340<br><br>(Super. Ct. Nos. 62-160489, 62-173852C, 62-188402, 62-161600, 62-181294, 62-179560) |

Appointed counsel for defendant Douglas Wes Bower asks this court to review the record in six cases and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to defendant, we affirm the judgments.  However, we direct the trial court to correct the minute orders and abstracts of judgment to indicate defendant was convicted of possession of a controlled substance, not possession of ammunition, in case No. 62-173852C (No. 852C).

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2018, defendant possessed and cultivated 22 cannabis plants. The prosecution charged defendant in case No. 62-160489 (No. 489) with cultivating cannabis and in case No. 62-161600 (No. 600) with preparing false documentary evidence. As part of a negotiated disposition for these cases, defendant pled no contest to cultivating cannabis as a felony and giving false information to a police officer as a misdemeanor. The trial court sentenced defendant to three years of probation. In 2019, probation violations were alleged in these cases and the court summarily revoked defendant's probation.

In 2020, a hypodermic needle containing methamphetamine was found during a probation search of defendant's residence. In May 2021, a methamphetamine pipe and methamphetamine were found in defendant's home during a probation search. And then in August 2021, defendant used a concealed rubber syringe to submit fake urine for a urine sample. As a result, the prosecution brought charges against defendant in three new cases; case No. 852C, case No. 62-179560 (No. 560), and case No. 62-181294 (No. 294).

Defendant reached a global resolution for the three new cases as well as the probation violations in the earlier cases. At the change of plea hearing, defendant pled guilty to possession of a controlled substance in both case No. 852C and case No. 560 and admitted several aggravating circumstances. However, the minute order from this hearing and the abstract of judgment indicate defendant pled guilty to being a prohibited person in possession of ammunition in case No. 852C, not possession of a controlled substance. Defendant also pled guilty to preparing false documentary evidence in case No. 294 and admitted to the probation violation in case No. 489. The trial court sentenced him to the upper term of three years in case No. 852C; one-third of the middle term (eight months) in case No. 294; and one-third of the middle term (eight months) in case No. 560. The trial court terminated probation in case No. 489 and sentenced defendant to one-third the middle term (eight months). The total aggregate term was five

2

years.  The trial court suspended the concluding three years of defendant's sentence and imposed mandatory supervision for that time.

In 2022, defendant failed to update his registration address as a sex offender.  The prosecution charged defendant in case No. 62-188402 (No. 402) with failure to register as a sex offender and failure to file a change of address.  Defendant pled no contest to failing to file a change of address and admitted to violations of his mandatory supervision.  The trial court sentenced him to the lower term of two years in case No. 402 and terminated his mandatory supervision from the prior cases.  The minute orders from this sentencing hearing and the abstract of judgment again indicate that defendant pled guilty to possessing ammunition in case No. 852C.

Defendant filed notices of appeal in case No. 489, No. 852C, and No. 402.  We subsequently granted defendant's motion to construe his notice of appeal to also include case No. 600, No. 294, and No. 560.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed, and defendant has not filed a supplemental brief.

As noted, the minute orders and abstracts of judgment from the original sentencing hearing and the hearing in which the court terminated mandatory supervision incorrectly list defendant's conviction in case No. 852C as possession of ammunition as a prohibited person.  The trial court should correct these documents to list defendant's conviction as being for possession of a controlled substance.  (See *People v. Zackery* (2007) 147 Cal.App.4th 380, 385-386.)

3

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant. Accordingly, we affirm the judgments.

DISPOSITION

The judgments are affirmed. The trial court shall correct the August 15, 2022 minute order, the August 23, 2022 abstract of judgment, the February 28, 2023 minute orders, and the March 8, 2023 abstract of judgment to correctly indicate defendant was convicted of possession of a controlled substance in case No. 62-173852C. The trial court shall forward the corrected abstracts of judgment to the Department of Corrections and Rehabilitation.

　/s/　　　　　　　　　　　　　
ROBIE, Acting P. J.

We concur:

　/s/　　　　　　　　　　　　　
RENNER, J.

　/s/　　　　　　　　　　　　　
BOULWARE EURIE, J.

4